Trinette S. Sachrison (Arizona State Bar # 025232)
KAYE, ROSE & PARTNERS, LLP
402 West Broadway, Suite 1300
San Diego, CA 92101-3542
Tel: (619) 232-6555
Fax: (619) 232-6577
Email: tsachrison@kayerose.com

Attorneys for Plaintiffs
LOREN R. SHIRK and JENNIFER ROSE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LOREN R. SHIRK and JENNIFER ROSE, individually and as husband and wife, | Case No. |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| UNITED STATES OF AMERICA, on behalf of its agency, DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS, | (Jury Trial Requested) |
| Defendants. | |

Plaintiffs LOREN R. SHIRK and JENNIFER ROSE, for their complaint against Defendants UNITED STATES OF AMERICA, on behalf of its agency, DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS, allege as follows:

**PARTIES, JURISDICTION AND VENUE**

1.   Plaintiffs LOREN R. SHIRK and JENNIFER ROSE at all material times have resided in Maricopa County, in the State of Arizona. Plaintiffs state that all acts complained of herein occurred in the State of Arizona, and they bring this action in their individual capacities and as husband and wife.

2.   This action is authorized and instituted under the Federal Tort Claims Act, 28 U.S.C. §1346(b) and 28 U.S.C. §2671 *et seq.*, and the jurisdiction of this Court is invoked pursuant thereto.

3. On September 22, 2008, Plaintiff Loren Shirk submitted a claim based on the allegations herein in the amount of $4.5 million dollars to the United States Department of the Interior, Bureau of Indian Affairs, satisfying the jurisdictional prerequisite of 28 U.S.C. §2675(a). By March 22, 2009, the agency had neither accepted or rejected such claims. Accordingly, Plaintiff Shirk elects to consider such failure to act as a final denial of the claim pursuant to 28 U.S.C. §2675(a).

4. On October 15, 2008, Plaintiff Jennifer Rose submitted a claim based on the allegations herein in the amount of $2.1 million dollars, to the United States Department of the Interior, Bureau of Indian Affairs, satisfying the jurisdictional prerequisite of 28 U.S.C. §2675(a). By April 15, 2009, the agency had neither accepted or rejected such claims. Accordingly, Plaintiff Rose elects to consider such failure to act as a final denial of the claim pursuant to 28 U.S.C. §2675(a).

5. Venue properly lies in this Court as Plaintiffs reside in the District, and the acts and omissions described below occurred therein as provided in 28 U.S.C. §1402(b).

6. Plaintiffs request a jury trial in this matter.

**GENERAL ALLEGATIONS**

7. The Gila River Indian Community is a federally recognized Indian tribe, identified as such in the Department of Interior, Bureau of Indian Affairs, Federal Register.

8. According to the Constitution and Bylaws of the Gila River Indian Community (hereafter referred to as the "GRIC" or "Tribe"), the GRIC has the authority to engage in the following activities: appoint subordinate officials and to prescribe the duties and powers of such officials, to regulate the domestic relations of the members of the Community, to promote the health, peace, morals, education and general welfare of the Community and its members, and to pass ordinances necessary to the exercise of any of the Council's powers.

///
///

9. Pursuant to this authority, the GRIC entered into a Self Governance Compact with the United States. 25 U.S.C. §450, *et seq*. Pursuant to the Compact, the Tribe is authorized to operate any program identified in the GRIC Funding Agreement.

10. According to the 2007-2011 Multi-Year Funding Agreement, the GRIC is authorized to operate law enforcement services.

11. Article V of the GRIC Self-Governance Compact provides that an employee performing acts in furtherance of the "programs, services, functions and activities" under the Compact, including those outlined in the Funding Agreement, are deemed by the [Indian Self-Determination and Educational Assistance Act] to be covered by the Federal Tort Claims Act ("FTCA"). *See also* 25 U.S.C. §2804(f), 5 U.S.C. §3374(c)(2).

12. Plaintiffs are informed and believe, and on that basis allege, that Sergeant Hilario Tanakeyowma is, and at all times relevant hereto was, a law enforcement officer employed by the GRIC Police Department. Specifically, Plaintiffs are informed and believe Sergeant Tanakeyowma is, and at all relevant times was, specially deputized as a law enforcement officer of the Bureau of Indian Affairs ("BIA").

13. Plaintiffs are informed and believe, and on that basis allege, that Detective Michael Lancaster is, and at all relevant times was, a law enforcement officer employed by the GRIC Police Department. Specifically, Plaintiffs are informed and believe Detective Lancaster is, and at all relevant times was, specially deputized as a law enforcement officer of the BIA.

## FACTUAL ALLEGATIONS

14. On October 19, 2006, at approximately 6:00 p.m., Plaintiff Shirk was riding his 2002 Honda VTX 1800 motorcycle traveling east bound on E. Ocotillo Road in Chandler, Arizona during evening rush hour traffic.

15. At that same time, Leshedrick Sanford ("Sanford") was proceeding Northbound on S. Arizona Avenue, reportedly weaving in and out of traffic.

///

L:\SHIRK\FEDERAL\PLEADINGS\COMPLAINT.wpd                Complaint

16. Plaintiffs are informed and believe that also at that time, Sergeant Tanakeyoma and Detective Lancaster were returning from training in Tucson, Arizona, having attended said training in furtherance of their continuing education requirements as BIA special deputies. Plaintiffs are further informed and believe that the officers were instructed to attend training at the request of the GRIC Police Chief.

17. Upon information and belief, Sergeant Tanakeyoma and Detective Lancaster noticed the erratic driving of Sanford just prior to approaching the Ocotillo/Arizona intersection.

18. Sanford reportedly came to a stop at the intersection; his vehicle first in line at the red light. Sergeant Tanakeyoma and Detective Lancaster, in an unmarked police car, approached Sanford's vehicle from behind. Both vehicles were then stopped for the red light signal.

19. Upon information and belief, Sergeant Tanakeyoma instructed Detective Lancaster to exit the vehicle and make contact with the driver of the suspect vehicle, i.e. Sanford. On further information and belief, Sergeant Tanakeyoma flashed his grill lights and tapped on the siren to get Sanford's attention as Detective Lancaster stepped out of the vehicle. It was reported that Sergeant Tanakeyoma and Detective Lancaster were in plain clothes.

20. As Detective Lancaster exited the vehicle, Sanford punched the gas pedal, disregarding the red light, and proceeded through the intersection at a high rate of speed. Sanford's car immediately collided with Plaintiff Shirk, who had rightfully entered the intersection.

21. Plaintiff Shirk was thrown from his motorcycle over 100 feet from the point of impact. Sanford exited his vehicle and fled the scene on foot.

22. Sergeant Tanakeyoma and Detective Lancaster failed to render aid to Plaintiff Shirk, apprehending Sanford several hundred feet from the accident scene.

///

///

L:\SHIRK\FEDERAL\PLEADINGS\COMPLAINT.wpd                              Complaint

23.     As a result of the collision, Plaintiff Shirk lost over 75% of his blood.  He was air lifted from the accident scene and taken to Scottsdale Osborn Hospital in critical condition.  His right leg was amputated above the knee, requiring three separate surgeries; his left leg was shattered below the knee and the bone connecting his leg to his foot (the calcaneous bone) was crushed, requiring several, albeit unsuccessful, bone graft operations; his right shoulder (humerus bone) was shattered, permanently impairing his range of motion.  Plaintiff Shirk further had to undergo hip replacement surgery and remained in intensive care for almost two months.  Plaintiff Shirk continues to suffer physical pain and experiences vertigo; his hearing has also been impaired.

## COUNT ONE

(On behalf of Plaintiff Shirk Against All Named Defendants)

24.     Plaintiffs reallege and incorporate herein by this reference the foregoing allegations as though each were fully set forth at this point.

25.     Based on the foregoing, Plaintiff Shirk alleges and believes Sergeant Tanakeyoma and Detective Lancaster were negligent and otherwise failed to act prudently under the circumstances, all of which negligence and carelessness constituted the proximate cause of the collision between Sanford and Plaintiff Shirk.  Specifically, Sergeant Tanakeyoma and Detective Lancaster unreasonably failed to exhaust all other reasonable means, and acted in an improper, reckless, negligent, and unreasonable manner and placed Plaintiff Shirk in an unnecessarily dangerous situation.

26.     Sergeant Tanakeyoma and Detective Lancaster owed a duty to Plaintiff Shirk to exercise that degree of reasonable care, skill, learning and prudence that would be expected under similar circumstances. Sergeant Tanakeyoma and Detective Lancaster breached this duty and were negligent; the breach and the negligence was a proximate cause of the injuries to Plaintiff Shirk and the subsequent damages.

27.     Plaintiff Shirk sustained severe and permanent injuries.  As a proximate result of these injuries, Plaintiff Shirk has endured and will continue to endure, great pain and suffering and mental anguish, and is permanently disabled.

28. Plaintiff Shirk was 54 years of age at the time of the accident. Prior to the accident he was employed by Calence, LLC as a systems engineer. As a result of the injuries described above, Plaintiff Shirk can no longer work at such trade in view of his current state of total disability.

WHEREFORE, Plaintiff Loren Shirk demands judgment against the Defendants as follows:

A. The sum of $4,500,000.00 for past and future medical expenses, special damages and necessary medical and/or professional care provided to and incurred by him, lost wages, loss of future wages, and pain and suffering;

B. For costs of suit incurred herein;

C. And for such other and further relief as the Court may deem just and proper.

## COUNT TWO

(On behalf of Plaintiff Rose Against All Named Defendants)

29. Plaintiffs reallege the allegations set forth in all previous counts and causes of action and incorporate same as though each were fully set forth at this point.

30. Prior to the injuries sustained as a result of Sergeant Tanakeyoma and Detective Lancaster's negligent and careless acts, Plaintiff Shirk was in good health and fully capable of performing and actually did perform the usual duties of a husband and was a loving and pleasing husband to Plaintiff Rose and she received much comfort and happiness in his society and companionship. By reason of his injuries, Plaintiff Shirk has been unable to perform any of the spousal duties which he previously performed, and Plaintiff Rose has been deprived of his services as her husband and her comfort and happiness in his society has been impaired.

31. In addition, Plaintiff Rose is informed and believes, and on that basis alleges, that the loss of her husband's consortium and his capacity to do his spousal duties will continue for an indefinite amount of time in the future, all to Plaintiff Rose's damage.

WHEREFORE, Plaintiff Jennifer Rose prays for judgment against the Defendants, and each of them, as follows:

A. For the sum of $2,100,000.00 for loss of support, consortium, and services;

B. For costs of suit incurred herein;

C. And or such other and further relief as the Court may deem just and proper.

DATED this 14th day of August, 2009.

KAYE, ROSE & PARTNERS, LLP

By: _____
Trinette S. Sachrison
KAYE, ROSE & PARTNERS
402 West Broadway, Suite 1300
San Diego, California 92101
Attorney for Plaintiffs

L:\SHIRK\FEDERAL\PLEADINGS\COMPLAINT.wpd        **Complaint**